IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LANDON PILKEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:24-CV-00176-H-BV |
| | § | |
| JUDGE LARRY A. DUYCK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Proceeding pro se and *in forma pauperis*, Plaintiff Landon Pilkey filed this civil rights action under 42 U.S.C. § 1983, alleging violations of his constitutional rights at the Lamesa County clerk's office. Dkt. No. 1. For the reasons explained below, the undersigned magistrate judge recommends that the United States District Judge dismiss Pilkey's complaint and all claims alleged therein.

## 1. Background

### A. Procedural History

Pilkey filed this § 1983 action against (1) Judge Larry Duyck; (2) the Administrator of Dawson County, Texas, in his or her official capacity; and (3) Texas Attorney General (AG) Ken Paxton in his official capacity. Dkt. No. 1 at 2–3. In accordance with Special Order 3-251, the case was automatically referred to the magistrate judge for pretrial management. Dkt. No. 4. Pilkey filed a motion to proceed

IFP with his complaint, and the Court granted him leave to proceed IFP in accordance with 28 U.S.C. § 1915. Dkt. Nos. 2, 12.

### B. Pilkey's allegations

The events giving rise to Pilkey's claims occurred on July 16, 2024, at the office of Justice of the Peace in Lamesa, Texas. Dkt. No. 1 at 4. Pilkey contends that he attempted to hand his response to a traffic citation to the attending clerk, but she was confused about how to enter the paperwork into the system. *Id.* She transferred the paperwork to another clerk who was also unaware how to scan the response into the system. *Id.* The clerk called Judge Larry Duyck into the office, but he allegedly did not understand the paperwork. *Id.* Judge Duyck returned the paperwork to Pilkey, who asserts that Judge Duyck knows he does not have the power to reject such paperwork. *Id.*

In Pilkey's view, Defendants violated his due process rights, as well as other "provisions in the [C]onstitution." *Id.* Pilkey alleges that due to the incident, he experienced "mental, emotional stress and anxiety," and he worries that Judge Duyck "will enter a warrant for [Pilkey's] arrest" because there is no response to the citation on file. *Id.* at 5. Pilkey seeks injunctive relief and monetary damages for the alleged constitutional violations. *Id.*

## 2. Standard of Review

Section 1915(e) requires dismissal of an IFP complaint *at any time* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–

33 (5th Cir. 2002) (per curiam) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions and lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327.

When analyzing a pro se plaintiff's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)). In considering the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### 3. Analysis

#### A. Pilkey has not shown he is entitled to injunctive relief.

Pilkey seeks injunctive relief in this case. Dkt. No. 1 at 5. He asks the Court "for a permanent injunction and permanent restraining order against any employee from any government body in the State of Texas from arresting [him] on this unlawful warrant." *Id.*

To secure a permanent injunction, a plaintiff must demonstrate:

1. Success on the merits of his case;

2. Irreparable injury if the injunction is not granted;

3. Any injury to the plaintiff outweighs any damage the injunction will cause the opposing party; and

4. The injunction will not have an adverse effect on the public interest.

*Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). "Furthermore, a permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *Id.* (internal quotation marks, brackets, and citation omitted). Pilkey has not met these elements.

First, Pilkey's harm is speculative because it is based on his own assumption or anticipation of a warrant. Dkt. No. 1 at 5. Pilkey fails to plead any facts indicating a likelihood that the clerk's office will refuse to file any future response to his traffic citations. *Id.* at 4. Finally, as discussed below, Pilkey has not demonstrated success on

the merits. Thus, his request for injunctive relief fails. The only viable form of relief remaining is for monetary damages.

**B. Judge Duyck is entitled to absolute immunity.**

Judges generally have absolute immunity from suits for money damages for judicial actions taken within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Davis v. Tarrant Cnty.*, 565 F.3d 214, 221–22 (5th Cir. 2009). Factors relevant to this determination include:(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Davis*, 565 F.3d at 222. "These factors are broadly construed in favor of immunity." *Id.*

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his [or her] judicial capacity." *Id.* at 285 (internal quotation marks and citation omitted). Significantly, "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Bradley v. Salvant*, No. 4:15-cv-727-O, 2018 WL 9918122, at *2 (N.D. Tex. Sept. 24, 2018) (alteration in original) (citation omitted).

5

Here, Pilkey contends that after the clerks could not determine how to file his citation response, they asked Judge Duyck for help. Dkt. No. 1 at 4. But apparently Judge Duyck also "did not understand [Pilkey's] paperwork," so Judge Duyck returned it. *Id.* Applying the four factors to these facts, the undersigned concludes that Judge Duyck is shielded by judicial immunity.

First, Judge Duyck was acting within the scope of his normal judicial function when he allegedly refused to file the document because he ostensibly interpreted legal or procedural rules in making that determination. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (explaining that the relevant inquiry regarding the first factor is to "examine the 'nature and function' of the act, not the act itself" and that a court should "look to the particular act's relation to a general function normally performed by a judge" (citation omitted)). Second, while the act of refusing to file the document occurred in a courthouse rather than a courtroom/chambers, the location is not always determinative. *See Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (explaining the "test factors should be construed broadly in favor of immunity"). Third, filing a response to a traffic citation is closely related to handling a case pending before the court. *Malina*, 994 F.2d at 1124 (explaining that actions are judicial for immunity purposes if they are "closely related to a general judicial function"). Lastly, the act occurred during Pilkey's interaction with Judge Duyck while he was performing his official duties at the courthouse. Dkt. No. 1 at 4.

Because the four factors are to be construed broadly in favor of judicial immunity, the undersigned concludes that Judge Duyck's purported rejection of Pilkey's filing was a

judicial act. *See Vann v. Mazzant*, No. 3:21-CV-1848-L-BK, 2021 WL 6098779, at *2 (N.D. Tex. Nov. 24, 2021) (concluding judges were entitled to absolute immunity on plaintiff's claim that they, among other things, "denied his filings (including motions, petitions, and briefs)" because that action "stem[med] from normal judicial functions that were undertaken during" a court proceeding), *R. & R. adopted by* 2021 WL 6072802 (N.D. Tex. Dec. 23, 2021); *cf. Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (noting "that the filing of complaints and other documents is an integral part of the judicial process and that [court clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks").

Moreover, Pilkey's contention that Judge Duyck acted in the absence of subject matter jurisdiction is without merit. Pilkey asserts that as "a non-corporate living man," Judge Duyck has no authority over him. *See* Dkt. No. 1 at 4 (cleaned up) (claiming that Judge Duyck "is trying to pull a living man Landon Pilkey into a Nisi Prius court without a valid contract in dispute"). The sovereign citizen-like argument that Pilkey makes is "without legal support and . . . patently frivolous." *Davis v. Weatherford Mun. Ct.*, No. 4:19-cv-00502-P-BP, 2019 WL 7484130, at *4 (N.D. Tex. Dec. 20, 2019) (rejecting plaintiff's argument "that state and federal laws [did] not apply to him"), *R. & R. adopted by* 2020 WL 59511 (N.D. Tex. Jan. 6, 2020).

For these reasons, the undersigned concludes Pilkey's claims against Judge Duyck are barred by judicial immunity and should be dismissed with prejudice.

7

### C. Pilkey's allegations do not meet the three factors required to support a *Monell* claim.

Pilkey sues the Dawson County administrator in his or her official capacity. Dkt. No. 1 at 2. A suit against an employee in his official capacity is a suit against the employer—here, Dawson County (County). *See Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). As such, the Court construes Pilkey's claim as one for municipal liability.

To state a viable municipal liability claim, also known as a *Monell* claim, a plaintiff must demonstrate: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). As to the first element, "a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). A plaintiff may also meet the first element by demonstrating a custom, which is "a persistent, widespread practice of [municipal] officials or employees" that "is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (citation omitted). The third prong requires a plaintiff to show "that the municipal action was taken with the requisite degree of culpability," as well as "a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (citation omitted). That is, "a plaintiff must 'show either that the policy itself was unconstitutional' or that it 'was adopted with deliberate indifference to the

known or obvious fact' that a specific constitutional violation would follow." *Liggins v. Duncanville*, 52 F.4th 953, 955 (5th Cir. 2022) (citation omitted).

Pilkey's allegations do not support a *Monell* claim. First, Pilkey alleges *no* facts showing that the County maintains a policy or custom that was the moving force behind a constitutional violation. *Mansfield v. Williamson Cnty.*, 30 F.4th 276, 279 (5th Cir. 2022) (explaining that "establishing a direct causal link between the policy and the constitutional deprivation is a high threshold of proof"). Additionally, Pilkey fails to allege the County acted with deliberate indifference to his constitutional rights. *Piotrowski*, 237 F.3d at 579 (explaining that "a showing of simple or even heightened negligence will not suffice to prove municipal culpability").

Because Pilkey has not pleaded adequate facts to establish a *Monell* claim, the undersigned recommends the district judge dismiss his claim with prejudice.

### D. AG Paxton is immune from suit.

Pilkey sues AG Paxton in his official capacity, which is another way of suing the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

It is well established that suits for monetary damages against state officials in their official capacities are barred both by state sovereign immunity and the Eleventh Amendment, and therefore cannot succeed under § 1983. *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (explaining that "sovereign immunity prohibits suits against state officials or agencies that are effectively suits against a state"); *Rosas v. Univ.*

*of Tex. at San Antonio*, 793 F. App'x 267, 272 (5th Cir. 2019) (per curiam) ("Congress did not abrogate state sovereign immunity for . . . []§ 1983 . . . claims."); *Almond v. Tarver*, 468 F. Supp. 2d 886, 892–95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities). Thus, Pilkey's claim for monetary damages against AG Paxton in his official capacity should be dismissed without prejudice.

### E. Granting Pilkey leaving to amend would be futile.

A court should typically grant a pro se plaintiff an opportunity to amend his complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). But here, given the reasons outlined above, providing an opportunity to amend would be futile and cause needless delay. *See, e.g., Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (per curiam) (noting that "leave to amend is not required when an amendment would be futile" such as when the plaintiff "has asserted claims that are clearly baseless"). Nevertheless, these findings, conclusions, and recommendation (FCR) put Pilkey on notice of the deficiencies in his complaint, and the fourteen-day objection period gives him an opportunity to cure them by filing an amended complaint.

## 4. Recommendation

For the reasons above, the undersigned recommends that the United States District Judge dismiss Pilkey's complaint and all claims therein with prejudice, except for this claim against AG Paxton, which should be dismissed without prejudice. If Pilkey files an amended complaint curing the deficiencies identified, the undersigned will withdraw this FCR and further evaluate his claims.

10

## 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 26, 2025.

AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE